IN THE SUPERIOR COURT
OF GUAM

THE PEOPLE OF GUAM,                    )        Criminal Case No.: CM0463-10
                                       )
                                       )
          v.                           )
                                       )        **DECISION AND ORDER**
                                       )        Re: Motion to Dismiss
STEPHEN FRITZ MURITOK,                 )
                                       )
                                       )
                    Defendant.         )

# INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on June 15, 2012. The People were represented by Assistant Attorney General Elizabeth Vasiliades. The Defendant was represented by Assistant Public Defender Richard S. Dirkx. After considering the matter presented, the Court issues the following decision and order denying the Defendant's motion to dismiss because upon signing the stipulation and order for diversion, the Defendant expressly waived his right to speedy trial.

# BACKGROUND

The matter arises out a motion dismiss filed by the Defendant on January 25, 2011. Defendant alleges his speedy trial rights were violated because the Court took an unreasonable amount of time issuing a decision concerning a previous motion, which ultimately led to the Defendant being prejudiced against. In response to the motion, the People argue that all pre-trial motions are excluded from the speedy trial timetable. Additionally, the People allege, the multiple pre-trial motions filed by the Defendant added to the delay and that the delay was for the benefit of the Defendant.

Shortly after filing the motion for dismissal, the Defendant also filed a motion for reconsideration of a denied order for the Defendant to enter into the diversion program. The motion for reconsideration was granted and the Defendant was entered in a three (3) year diversion program that would terminate upon the Defendant violating its terms. However, when signing the Stipulation and Order for Diversion, the Defendant expressly waived his right to a speedy trial.

## DISCUSSION

Under Guam law, a Defendant has a substantive right to be bought to trial within 60 days of arraignment, or within 45 days of arraignment if Defendant is in custody at time of arraignment. 8 GCA § 80.60(a). A criminal action shall not be dismissed pursuant to subsection (a) if: [g]ood cause is shown for the failure to commence the trial within the prescribed period. 8 GCA § 80.60(a)(3).

As relevant here, the Speedy Trial Act automatically excludes from the day period "delays resulting from . . . proceedings concerning the defendant," *Bloate v. U.S.*, 130 S. Ct. 1345, 1347 (2010) (citing to 18 U.S.C.A. § 3161(h)(1)). Additionally, "delays resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing are excludable. *Id.* However, the Guam Supreme Court stated in *Nicholson v. Superior Court of Guam*, an unreasonable delay does not toll the statute. 2007 Guam 9 ¶ 26.

In this case, the Defendant filed the Motion for Diversion, June 21, 2010 and the motion was taken under advisement July 27, 2010. However, the court did not issue a decision until January 14, 2011. Although the People argue, the delay was for the benefit of the Defendant and should be excluded from the speedy trial time clock; similar to *Nicholson*, there is nothing in the record indicating an underlying reason to show why the pending motion was not resolved

in the near six (6) month gap. *Id.* at ¶23. This Court notes the delay in this case was unreasonable. The near six (6) month delay should not be excluded from the day period, which ultimately leads to a violation of the Defendant's speedy trial rights.

The Defendant, however, consented to entering into the diversion program for a duration of three (3) years. In doing so, he expressly waived the opportunity to assert a violation of his speedy trial rights. The Defendant cannot have the benefit of asserting prior pending judicial violations, specifically those dealing with speedy trial rights, after he has waived those rights in order to enter into the diversion program. Furthermore, the Defendant did not suffer any prejudice from the additional fourteen (14) months he was active in the diversion program. Therefore, although the 6 month delay was unreasonable, the additional delay caused by the Defendant, for his benefit, renders the judicial delay assertion moot.

## CONCLUSION

Based on the foregoing, the court finds although the court took an unreasonable amount of time to issue a decision, the Defendant waived his right to a speedy trial upon entering the diversion program. Thus, the motion to dismiss is DENIED. A Trial Setting shall be held on Aug 15, 2012 @ 9:00Am

SO ORDERED, this 9th day of August 2012.

Original Signed By:
HON. MICHAEL J. BORDALLO

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

AUG - 9 2012

James R. Borja
Deputy Clerk, Superior Court of Guam